Opinion by LAWRENCE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus additional duty applicable under paragraph 924, was therefore sustained.

**No. 52374.**—George S. Bush & Co., Inc. *v.* United States, protests 110269–G, etc. (Seattle).

Opinion by TILSON, J. It was stipulated that certain items of the merchandise consist of imitation gut similar in all material respects to that the classification of which was involved in *Bush* v. *United States* (34 C. C. P. A. 17, C. A. D. 338). Accepting this stipulation as a statement of fact and following the cited authority, the claim of the plaintiff was sustained.

**No. 52375.**—B. R. Anderson & Co. et al. *v.* United States, protests 928899–G, etc. (Seattle).

Opinion by TILSON, J. It was stipulated that certain items of the merchandise consist of imitation gut similar in all material respects to that the classification of which was involved in *Bush* v. *United States* (34 C. C. P. A. 17, C. A. D. 338). Accepting this stipulation as a statement of fact and following the cited authority, the claim of the plaintiffs was sustained.

**No. 52376.**—Frank P. Dow Co., Inc., et al. *v.* United States, protests 82799–K, etc. (Seattle).

Opinion by TILSON, J. It was stipulated that certain items of the merchandise consist of imitation gut similar in all material respects to that the classification of which was involved in *Bush* v. *United States* (34 C. C. P. A. 17, C. A. D. 338). Accepting this stipulation as a statement of fact and following the cited authority, the claim of the plaintiffs was sustained.

**No. 52377.**—Fisheries Supply Co. et al. *v.* United States, protests 687339–K, etc. (Seattle).

Opinion by Tilson, J.   It was stipulated that certain items of the merchandise consist of imitation gut similar in all material respects to that the classification of which was involved in *Bush* v. *United States* (34 C. C. P. A. 17, C. A. D. 338). Accepting this stipulation as a statement of fact and following the cited authority, the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, JUNE 10, 1948

**No. 52378.**—Musicraft Records, Inc. *v.* United States, protest 59374–K (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83.)   In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry.   The protest was sustained to this extent.

**No. 52379.**—Cosby Brush & Import Co., Ltd. *v.* United States, protest 66443–K (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83.)   In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entry 815995.   The protest was sustained to this extent.

**No. 52380.**—Boosey Hawkes & Belwin, Inc. *v.* United States, protests 68115–K and 55318–K (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83.)   In accordance therewith it was held that the currency of the invoices should be con-